**SKYBANR MEDIA GROUP, INC.; et al., Plaintiffs—Appellees,**

v.

**GENERATION CAPITAL ASSOCIATES; et al., Defendants—Appellants.**

No. 03–56625.

United States Court of Appeals, Ninth Circuit.

Submitted March 10, 2005.*

Decided March 16, 2005.

Ralph E. Harrison, II, Esq., Attorney at Law, Los Angeles, CA, for Plaintiffs–Appellees.

Sean P. Reis, Esq., Payne & Fears, LLP, Irvine, CA, for Defendants–Appellants.

---

* This panel unanimously finds this case suitable for decision without oral argument. See

Fed. R.App. P. 34(a)(2).

Before: T.G. NELSON, SILVERMAN, and TALLMAN, Circuit Judges.

MEMORANDUM **

The defendants appeal the district court's denial of their motion to strike state claims from plaintiffs' complaint pursuant to the California Anti–Strategic Lawsuits Against Public Participation (anti-SLAPP) statute, Cal.Civ.Proc.Code § 425.16. We have jurisdiction pursuant to 28 U.S.C. § 1291, *see Batzel v. Smith,* 333 F.3d 1018, 1024 (9th Cir.2003), *cert. denied* 541 U.S. 1085, 124 S.Ct. 2812, 159 L.Ed.2d 246 (2004), and affirm.

Because the parties are familiar with the facts, we recite them only as necessary to this decision.

 The defendants argue that the district court improperly allowed plaintiffs to "amend around" their anti-SLAPP motion to strike and therefore erred in denying the motion to strike. We review de novo the district court's ruling on the motion to strike. *United States ex rel. Newsham v. Lockheed Missiles & Space Co.,* 190 F.3d 963, 968 (9th Cir.1999). Plaintiffs had the right to amend their complaint once "as a matter of course" before the defendants filed their answer, even though an anti-SLAPP motion was pending. Fed. R.Civ.P. 15(a); *Verizon Delaware, Inc. v. Covad Comms. Co.,* 377 F.3d 1081, 1090–91 (9th Cir.2004) ("granting a defendant's anti-SLAPP motion to strike a plaintiff's initial complaint without granting the plaintiff leave to amend would directly collide with Fed.R.Civ.P. 15(a)'s policy favor-

ing liberal amendment"). The district court gave the defendants an opportunity to file an anti-SLAPP motion to strike the amended complaint. However, defendants doggedly refused to recognize the validity of the amended complaint and again moved to strike the then-superseded original complaint. The district court did not err in denying the motion to strike a complaint that was no longer extant.

Because this case remains in its early stages, all requests for attorney's fees concerning the motion to strike, including those incurred on appeal, are referred to the district court.

AFFIRMED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.